Good morning and welcome to the Ninth Circuit. We are very pleased to have Judge Danny Boggs of the Sixth Circuit sitting with us for a few days. We will hear the cases in the order that they appear on the calendar. As usual, you can reserve time, but we are not policing the time. And the secret is that if you run out of time, I won't give you one minute in rebuttal. But the first case, Sublett v. Holbrook, has been submitted in the briefs. And we'll start with the second, Zerezghi v. USCIS. Thank you. Good morning, Your Honors. Robert Powell on behalf of the plaintiffs in this case, Mr. Zerezghi and Ms. Meskel. And I would like to reserve three minutes by way of rebuttal. There are two points I think I would like to make here. First, that the Board's conclusion in this case that Ms. Meskel committed marriage fraud with respect to her first marriage is not supported by substantial evidence in any way. There's overwhelming evidence that Ms. Meskel and her first husband did, in fact, live together, that she intended to have a bona fide marriage. Is substantial evidence the standard? I thought your argument was that it isn't exactly the standard. No, the Court reviews the Board's decision to ensure that it's supported by substantial evidence. The Board has to, and in reviewing and in looking at the Board's decision, the Court has to decide whether or not the Board actually had clear and convincing evidence of marriage fraud, or in the Board's terminology, substantial and probative evidence of marriage fraud. So the standard of review for the Court of the Board's decision is the substantial evidence, standard review for substantial evidence or arbitrary. I don't understand it. It sounds like these two tiers sound like your mind isn't going to be able to get around them. We are looking to determine whether or not. The Board wasn't a fact finder, was it? I'm sorry? Does the Board of Immigration Appeals a fact finder here? Yes, they are the fact finder. They review de novo, the decision de novo, and make, are the fact finders and the ultimate decision maker. But so in your brief at page 58, you say that to impose a penalty, there must at least be substantial or probative evidence, or in the words of the Supreme Court, clear, convincing and unequivocal evidence. So do you think those two standards are the same? Well, they should be. The substantial and probative evidence standard is the standard, the language that the Board has used in deciding whether or not there's marriage fraud. That's based on a regulation. And that's based on the regulation. That's correct. The Supreme Court, in its fraud cases, indicates that there should be clear and convincing evidence. There's no court, the Board has never determined, and as far as I know, there's no court that's ever determined whether those two standards are in fact the same. But those cases that you advert to, none of them are immigration cases, or none of them relate to this particular regulation. Well, the would-be case is an immigration case. An immigration law, but it's, that's a denaturalization or deportation case, right? Correct. It's not a marriage fraud case. That's correct. So the question, the legal question that I'd like to address is. One other thing on the standard review. The Tollett case, the Board opinion. Yes. It talks about direct evidence. That's in the marriage fraud context, right? Yes, that is. And it seems to be applying something other than the ordinary substantial evidence test. It's something other than the. Ordinary substantial evidence case that we would test, that we would apply to a petition for review, for example. Yeah, well, the Toffik case is not really clear as to what standard. They don't. But it talks about direct evidence. They say that a reasonable inference does not satisfy the substantial and probative evidence standards. So we have that, at least that. But that seems like the most specific information we have about what it is we're supposed to be doing. In the marriage fraud context, yeah, the Toffik case. That probably is the most specific information or guideline that has been issued by the Board. There is, I think, a question. Whether or not that substantial and probative evidence standard is the same as the clear and convincing evidence standard that the Supreme Court uses. Whatever it is, we know from Tollett that it's not supposed to be relying on inferences. It's supposed to be direct, whatever that means. Yes, and which is, you know, in this case, there is no direct evidence of marriage fraud. What the Board does in this particular case, I think, is incorrect, where it shifts the burden of proof to the petitioner. Basically says, well, in this case, the Board does not even say that there has to be substantial and probative evidence in order for the burden to shift. It just says where there's information of marriage fraud, the burden shifts to the petitioner to disprove the marriage fraud allegation. Basically, what that means is that this marriage fraud penalty, which is really a particularly severe penalty, it's designed to get people out of the country who have committed marriage fraud, no matter what the equities that the person has, no matter what family equities or community equities and so on. Permanently, as I understand. It's a permanent bar, that's correct. That's correct. It's a very severe, we might call it the civil immigration death penalty. But that penalty, according to the Board, can be imposed where the evidence sort of balances out, 50-50. You know, we're not, because the burden shifts to the petitioner, if the petitioner isn't able to prove more likely than not that the marriage is valid, in other words, we're just not really sure. It looks like maybe marriage fraud, maybe not. The Board says we're going to impose that penalty. That really is improper. It's inconsistent with the Supreme Court case law. We shouldn't be breaking up families, imposing a marriage fraud penalty where the evidence just sort of balances out equally, and maybe it looks like a little bit of marriage fraud, maybe not. It looks like there's some evidence. Isn't that usually what the substantial evidence standard means? I mean, I'm familiar with it, especially in the Social Security context, where there's substantial evidence of disability and there's substantial evidence of not disability. And whichever way the fact finder goes, that's okay because there's substantial evidence to support it. That's sort of the administrative law. In many contexts, that's what substantial evidence means. But there is a difference, an important difference between the substantial evidence standard and the substantial and probative evidence standard or clear and convincing evidence that's necessary. But there's also the fact that there's no hearing in this case. And there's no actual administrative record exactly. That's correct. That's correct. So it's a very strange thing to be applying a substantial evidence test too, because for one thing, the Board, which was just signing de novo, never saw the witnesses and couldn't have made any credibility determinations. That's correct. That's correct. And what the Court needs to do is look and determine whether or not the Board properly applied the substantial and probative evidence standard or the clear and convincing evidence standard. If the Court can look at the Board's... All right, but can you tell us, can we get to the case now? I'm sorry? Can we get to the actual facts of the case now? Sure, sure. So the Board's decision is primarily based on a factual finding that Ms. Meskel and her first husband, Mr. Godet, did not live together. The evidence of that, there really is no substantial evidence in the case. There's some evidence that Mr. Godet, when he filled out his tax forms, used a P.O. box. Well, that doesn't show anything. The real evidence that the Board is relying on is a fraud investigation that was done by CIS officers that was done about four years, three and a half, four years after the marriage. Of course, the question in the case, in the marriage fraud case, is the intention of the parties at the time of the marriage, in this case 2006. This fraud investigation was done about three and a half years later in January of 2010. And they were looking at, after Mr. Godet came into the United States, after Ms. Meskel came into the United States in June of 2007, where was she living the next year or so when she came into the United States? When they did the fraud investigation, they went to an apartment, the Alderwood Apartments, and found an application, Mr. Godet's application. In that application, he said, well, for the last seven months, I've been living at this Firwood apartment complex. He doesn't say that he's been living with Ms. Meskel. So that raises some questions, I guess. Actually, it turns out that those fraud investigators went to the Firdale apartment and asked, well, you know, is Mr. Godet living here? Can you confirm that he's a resident here? And they said, no, we can't confirm that he was residing here during the relevant time. So the evidence that the Board is relying on, actually, the fraud report shows that that evidence is questionable. There's no way that that could be considered substantial. That document, am I right, which the application we're talking about, he only puts down his own name. He doesn't even put her name down as applying for this apartment, and that's during the period of marriage, right? It's in 08? It's in 2008. That's correct, during the marriage. And is there any scrap of paper that connects him to the 225th Place apartment, which is her ‑‑ nobody's disputing that was her residence throughout, I take it. Right, right. Yes, there is. Which is what? There's some tax returns. When they filed joint tax returns, they had them living at the same address. I thought the tax returns went to a P.O. box. That's a subsequent tax return, I believe. Can you point to a place in the record? Because what I saw, there's reference to the joint tax returns, a joint checking account, and then there's a reference to rent receipts. I couldn't find paper copies of any of those or any reference that it has the 225th Place address. Can you correct me on that? So, yeah, in the district court record, so this was not included as part of the excerpt of record here, but in the district court record, on page 723, there are rent receipts showing that both live at the same address, the 225th Street address. Where is that, I'm sorry? I'm sorry? Where is that in the record? In the district court administrative record, page 723. At page 716, there's a check written to the IRS for their taxes that show, on that check show both of them living at that same address. The tax returns filed in 2007 and 2008 are signed by both of them, and they provide that address that's in the district court administrative record at page 717 and 705. So there is, and well, in addition, of course, there are the sworn statements by individuals who saw them living there and say they were living there, sworn statements. None of the, I'm sorry. Oh, I'm sorry. The USCIS makes, emphasizes that the, that she was lying for quite a while, as were her relatives, about whether she had relatives. And the relatives were lying, too. So the people who gave her the information said they weren't her relatives, but they were her relatives. I'm not sure what the significance of that is, but there's certainly a lot of emphasis placed on it. There's a lot of emphasis placed on that, and it's very unclear why she was, you know, what advantage or why she was making those statements. I don't think it has anything to do with her, the validity of her marriage. You know, maybe she was trying to protect her relatives from an immigration investigation about something. I don't know. She's admitted that she made false statements. I think they're not material as to the question of what she intended. You are here basically arguing some version of substantial evidence, but your brief also makes a due process argument. Yes. And there seems to be some support for that, or strong support for it, perhaps, in the United States v. Ching case, which, I mean, Ching v. McIntyre's case, which hasn't been paid very much attention to in the briefing here, as far as I can tell. But it's, again, other than tell, it seems to be the most directly on point case. Yes. Well, we think that there is a due process violation because there is evidence that the immigration service was relying on that they hid, basically. But you're not arguing that there should have been an actual hearing, which was essentially the argument in Ching. Right. We're not asking that there have been a hearing. In Ching, of course, the U.S. citizen spouse had signed, the U.S. citizen husband had signed a statement saying it was a fraudulent marriage, and so maybe there was an occasion, in this case, actually the husband says that the marriage was valid. So, you know. If I could interrupt you for one thing. You were referring to the statements from the neighbors and alleged neighbors and relatives. As I read those, none of those refer to an address either. That is, those say, you know, they were together, they loved each other, blah, blah, blah. But none of them said, it was at 225th Place, I was in their apartment, I saw them there. Am I right that none of that would have the 225th Place address on it? Yeah, that is correct. They didn't identify the address. I would like to reserve a minute or two if there are other questions. Okay, that's fine. Thank you very much. Thank you. Good morning, Your Honors. James Walker for the government. Your Honor, there's, to address a few of the issues that just came up in Mr. Powell's argument here, the first is that there is a clear and convincing evidence standard that does apply. Whatever it is, I mean, it seems to me that Tolick is the most direct guy. It uses, just a minute, it seems to use language, because it was a marriage fraud case, it uses language a little different than the usual substantial evidence. I forget exactly what it is, but substantial and, I don't know, significant or something. And it says that there has to be direct evidence of the marriage fraud. So why don't we just apply that? Isn't that what we should be doing? Your Honor, the government respectfully disagrees with that position. Why? TOFIC does not require direct evidence. But the BIA said it did in Tolick. What TOFIC actually discusses is there was no direct finding of fraud. The case in TOFIC is that the adjudicator said that it's probable that the petitioner engaged in marriage fraud. He did not find that there was direct evidence, and he didn't discuss direct evidence. So the court rejected TOFIC on the basis, or the BIA rejected TOFIC on the basis that there was no direct finding of fraud. It did not discuss direct evidence. It says that a reasonable inference does not rise to the level of substantial and probative evidence requisite to the preclusion of approval of a visa petition in accord with the marriage fraud provision. And that, let's see. So if an inference isn't sufficient, that seems to mean that you need direct evidence. And there isn't. I'm not reading every sentence here either. I think there's another sentence that says that you do need direct evidence. But if an inference, if you can't do it by inference, that suggests that you need something other than an inference. Yes, Your Honor. But the fact is, circumstantial evidence is not inferential. And this court has held repeatedly that circumstantial evidence can be used to support any fact. Well, that's true ordinarily, but of course it's an inference. From A and B, you conclude C, but it doesn't say C. It's an inference. It's circumstantial evidence and usually sufficient, but apparently not in this context. Well, again, Your Honor, the government disagrees with that position. TOFIC does not require it. TOFIC doesn't discuss direct evidence. It doesn't require it. Well, I thought it did. I'm not finding the sentence at the moment. Go ahead. Your distinction is between a direct finding and direct evidence? Yes, Your Honor. That is, in this case, there was a direct finding of the previous fraud. And you're saying in TOFIC, if we read it, there wasn't? That's correct, Your Honor. In TOFIC, the adjudicator found that it was probable that the individual. So the second go-round adjudicator was looking back at the alleged fraud and making that determination him or herself rather than here where there was an adjudication previously? Is that the argument? I believe that's correct, Your Honor. The original adjudicator, the reason why the original adjudicator's decision was not upheld is because it was based on a probability rather than a finding. Had that adjudicator read the evidence and said even on these circumstantial facts, the circumstantial evidence, I conclude that this person engaged in marriage fraud, that may have been upheld. And that's what has typically been upheld where a direct finding of fraud is made. Can I ask you, in this administrative review scheme, that frontline adjudicator, I don't know if it's the district director or some USCIS official, what is the standard of proof that that person applies to that initial finding that the marriage was entered into for the purpose of gaining an immigration benefit? If I may, I'll start from the beginning. An individual petitioner arrives at CIS with a petition, and they bear a preponderance burden to prove that their marriage is bona fide. And that means they've got to present some sort of evidence, documents, photographs, testimonials, things that would establish by a preponderance of evidence 50% or more that their marriage is bona fide. Wait a second. Just so that we're clear on where we are in the process. We're not talking, for purposes of this appeal, about the current marriage that Ms. Meskel is a party to, right? Correct. That's the I-130 proceeding that you just started to describe. Yes, Your Honor. That's the beginning. Let's just put that aside. No, I understand. I'm not, you know, I haven't been able to absorb at least this much. But what I'm talking about is when the frontline adjudicator then wants to look back to that earlier marriage as a basis for saying you are simply disqualified from, like, I don't even need to look at the bona fide nature of your current marriage because I'm going to reach back and look at this earlier marriage and determine that you engaged in that for fraudulent purposes. I'm talking about as to that determination. What's the standard of proof that the frontline adjudicator applies? Yes, Your Honor. Essentially, those functions are tied together. When that second I-130 petition comes to the adjudicator, they are going to look at the original petition and determine on their own, as an independent investigation, whether that marriage was bona fide or whether there was a correct fraud finding made. But they're different. I mean, even prospect, with regards to the current marriage, whether there was, whether the marriage was bona fide and whether there was marriage fraud are not the same thing. No, Your Honor. But it is a sequence of events. There's a continuation there. And so it begins with the establishment of a bona fide marriage. But at this point, the bona fide marriage, as to the earlier one, isn't the question. It's only marriage fraud. Yes, Your Honor. The reason that I'd like to explain the whole process is because the appellants in their briefing suggest that there is this burden placed on them out of nowhere, that they show up and suddenly they have to prove a negative, that their marriage isn't fraudulent. That simply isn't the case. Right. That's why I'm asking. As I understand it, there needs to be some determination initially by the frontline adjudicator that your earlier marriage was fraudulent. And then at that point, the burden shifts to the petitioner, if you want to say, to rebut that, right? Absolutely. So I'm just all – I can't understand why you're not – just give me a simple answer. I'm trying to get to that point. So is it preponderance of the evidence, clear and convincing evidence beyond a reasonable doubt? Just give me the – what's the standard of proof that the frontline adjudicator applies at that very initial determination, looking back to the earlier marriage, was it fraudulent or not? What's the standard of proof that person applies? That is a substantial evidence standard, Your Honor. And that's based on a regulation, right? Yes. And this was the – if I'm following both you and Judge Watford, this is the decision made on December 22, 2015 by the field office director. I believe that's correct, Your Honor. I'm not talking about the standard that the reviewing court applies, say the BIA or us. I'm talking about – it's not substantial evidence I don't think is the standard. It's some likelihood that this fact is true or not. So it's either by a preponderance of the evidence, that's sort of the lowest standard, right? Clear and convincing, which is what I think the petitioner is arguing for here, or I don't think it's beyond a reasonable doubt it would be for a criminal case. So it's not substantial evidence I don't think is the right answer. That's the nature of the evidence that we as a reviewing court would be looking to see if in fact the record sustains the initial finding. I believe that's actually both, Your Honor. Substantial evidence is the burden on the adjudicator to determine in the first instance. That doesn't make any sense, because if somebody walks in and says is this thing true or not, to say that there's substantial evidence that it's true in one direction and there could be substantial evidence in the other direction, now you have to make a decision as the initial adjudicator. What do you do? Well, Your Honor, and that's why the deference bar is so high. But that's deference. That's not what Judge Watford is asking you. He's asking you before we get to deference, what does the first decision that maker do? Well, and again, by regulation, by regulation 8 CFR 204.2, if the adjudicator, the initial adjudicator determines that there is substantial evidence of marriage fraud. In other words, somebody can get barred from life for coming to this country if there is substantial evidence, but not preponderance of the evidence that he committed marriage fraud. In other words, if there's three facts that indicate marriage fraud and ten that indicate not, that person can get barred from, is supposed to get barred for life from coming here. Well, there's two issues with that. Is that your position? It is not our position, Your Honor. First, the marriage fraud bar is only a bar to subsequent marriage-based visa petitions. There are other ways that a person can apply for adjustment of status if they qualify for those things. Okay, fine. But still, you didn't answer my question. And so the, the ---- Substantial evidence is not a standard for an, is a review standard. Ordinarily, I've never heard of it being the standard for the initial decision maker. This Court has sustained a number of marriage fraud findings on substantial evidence, Your Honor. Yes. Counsel, isn't that what 8 CFR, that's not your interpretation. That's the language ---- Yes, Your Honor. ---- says that the finding of fraud requires, quote, substantial and probative evidence. Yes, Your Honor. And, I mean, it may, you know, it seems like when we get into this, there's harshness on all sides, but that's what we do in Social Security Disability. We, we say that people, you know, get no money from the government because there's substantial evidence that they're not disabled, even if there's also substantial evidence that they are disabled. But that's after an ALJ decides the case. And the ALJ decides the case on the, on which evidence he finds more persuasive, not on whether there's some evidence. So, in other words, that's the standard for us, but it's not the standard that the original decision maker is applying. But the regulations here disagree with you, Your Honor. As we're saying, 8 CFR, 2 of 5.2. So your position is that if, that, that the original decision maker is supposed to find marriage fraud, as long as there's, you know, some evidence on some, which somebody could find marriage fraud, even though he doesn't think there was marriage fraud. Well, the, the standard, and, and I'd like to also clarify that there is direct evidence in this case of marriage fraud. And so this question is not entirely dispositive of this case, because even if Right. Can, can we go somewhere else for a minute? The, the two cases that to, to me are the most directly relevant here are Tolick and Ching. Ching has been, I don't even know if it's cited in your briefs, maybe it was, but it, it seems to me to be extremely relevant here, because it says that A, there is a due process right in the United States citizen with regard to getting the visa, and B, that there are due process rights with regard to the way that the hearing is held. I mean, for one thing, it would be an odd kind of due process to have the substantial evidence standard the way you're suggesting it. But second of all, I mean, the notion that there's even an adjudication here by USCIS when they don't have a hearing, they don't make any, they don't see the witnesses, and they just go on a cold record and, and make a decision is a, a strange sort of due process. Well, Your Honor, the, the process is outlined in the Administrative Procedure Act. It's been affirmed by this court many times. And so. Yes, but Ching now holds that there, that there is a constitutional due process right under these circumstances, right? Well, but Ching, Ching was a very narrow holding, and it expresses. It was? What was narrow about it? Ching itself, the decision states that it's only applied in that particular circumstance where there was a single, very threadbare testimony. The notion that there was a property interest and due process applies. Your Honor, again, Ching wouldn't apply here because the, the facts in Ching were that there were evidence, there was, there was substantial evidence in the record supporting the validity of the marriage. There was one very threadbare testimonial saying that the marriage was fraudulent. Yes, but on your conclusion, that would lead to the, on your substantial evidence notion, that would lead to the conclusion that the fact finder not only could, but had to find marriage fraud because there was substantial evidence. That's not, that's not the government's position, Your Honor. And, and what I just said is there was substantial evidence supporting the marriage in that case. And there was a very threadbare statement not supporting the marriage. But your position is that if there's substantial evidence of marriage fraud, then there's marriage fraud. Yes, Your Honor. In this case. And, and, and Ching, there was substantial evidence of marriage fraud because there was this one document. Your Honor, the, the case in Ching, there was a, a, a, a great discrepancy, a great disparity between the evidence that. But on your theory, that wouldn't matter. On your theory, that wouldn't make any difference as long as there's substantial evidence. But that's not this case, Your Honor. Well, that doesn't matter. We need to know what the standard is. The standard is substantial evidence, Your Honor. So therefore, in Ching, they should have lost, not won. I can't speak to how Ching should have come out. I believe the court was correct in finding that the adjudicator neglected to consider the substantial evidence. In Ching, did they ever say that the one statement from, uh, from the first husband was substantial evidence? I couldn't say, Your Honor. I didn't think they did. Um, what I, what I can say is that the evidence in this case is far stronger for marriage fraud than in, in the Ching case. And the evidence supporting the marriage is discredited by the fact that every witness and, and every, uh, person in, in this case lied at some point to CIS. And so we have a. Is that the direct evidence you were just referring to? Uh, so yes, Your Honor. The lease that, uh, the petitioner submitted was clearly doctored. It was whited out. The names were added on top. The, the initiation date of the lease was a year before Ms. Meskel moved to the United States, making it physically impossible to be the accurate lease. The lease application. Well, that's not true. You can let, you can, uh, I mean, the first point I understand. But the fact that she leased something before she moved to the United States isn't, that doesn't prove anything. But it proves they weren't living together in that time period, Your Honor. And, and combined with. But they were planning to. I mean, it could prove that. People rent houses before they, when they get married, before they actually move in. Yes, Your Honor. But in the adjudicator's opinion and reviewing that lease document and, and seeing that it was doctored, that it was altered, that it was whited out, that dates were changed, names were changed. And seeing that it did begin a year before she moved to this country. And seeing that, uh, Mr. Gaudet had a lease application for another apartment at the time that he was supposedly living with his wife. And on that lease application, he listed two other addresses that he had previously lived at that were not the home of his wife. Yeah, but, you know, I guess what's troublesome, I think, about this set of facts, um, it's maybe particular to this case, I don't know. But, you know, when you have an arranged marriage, as, as we do here, um, there's just a much higher likelihood that even though the couple, let's say here, Miss, uh, Miss, sorry, I'm, I'm. Meskel. Meskel, yeah, it's hard to keep the name straight. Um, even though Miss Meskel may well have genuinely intended to try to create a life for herself with her husband, um, you know, things can go south very quickly, um, in, in that kind of situation. And I think that's the concern, I guess, I have with the record here. You're absolutely right that once you're more than a couple months in, everything kind of starts to unravel for her in terms of, of, uh, being able to have proof that the, the marriage was intact. But we're, you know, the, the time period we're talking about is actually back in Egypt in 2006, trying to figure out what was her state of mind and, and what were her intentions then. And I guess all of the evidence you're able to point to, or the government's able to point to, just doesn't speak to that moment in time. And that's why I was a little puzzled when you said there's direct evidence of marriage fraud. There really isn't. There's circumstantial evidence that comes about later from which you then try to draw an inference back in time to 2006. Well, Your Honor, respectfully, the, the lease application is direct evidence that Mr. Godet, at the very least, asserted that he lived somewhere other than with his wife. But that application was not given to them, or they, they asked to see the documents and they didn't get them. They weren't made aware of the information, Your Honor. And the fact is... How were they made aware of it? They were told in the notice of intent to deny that there was information showing that... Right, but they don't have it. How can they rebut it? I mean, this is all a very strange form of due process. If I, if I may, Your Honor, the, the notice of intent to deny stated that there was evidence that he lived with his sister. Now, his sister provided a testimonial in this application saying that she knew the couple and knew them to be a married couple and knew them to be living in this address. So, having the information that his, he was alleged to have lived with his sister, it stands to reason that she must have known the sister if the sister is testifying that she knew them. And so, they have the ability to go back to the sister and say, what is this about? And, and pursue this, they, they, they could have... Is there any expectation of something that really matters? Is there, if, if the record, the, the, the decision-maker is relying on documents, pieces of paper, that the beneficiaries here, and I'm talking mainly about the United States citizen, asks to see and isn't allowed to see and doesn't see and can't directly rebut? Well, again, Your Honor, this, this court has affirmed that the summary of the evidence is sufficient, of the derogatory evidence, is sufficient to put a person on notice in an administrative hearing such as this. Hassan, in 2010, this court held that 8 CFR 103.2 says that a person is entitled to a summary of the evidence, and this is what was presented to them. Appellants also acknowledge... But a ching came after that, and ching says that there's a due process right here, and I know you say it doesn't say that, but it directly does say that. It says that in the context of ching where there's... No, it doesn't say that in the context of ching. It says that and then it goes on to apply that concept to the context of ching. But first it says that there is a due process right and there's a property interest and therefore a due process right in the decision making. Yes, Your Honor, and it's the government's position that due process was met here. By having a summary of the evidence but not the evidence. A summary of the evidence that provided them with enough information to rebut the evidence. The fact is they were told... I mean, for example, this document where he said he lived elsewhere isn't proof that he lived with his sister. It's proof that he didn't live with his sister, isn't it? I'm sorry, I don't understand. When he filled out this rent document, which they didn't see, and he said that he'd had two other addresses, why is that proof that he lived with his sister? It seems to be proof that he didn't live with his sister. Well, Your Honor, because the public records check that the adjudicators, that the investigators ran showed him tied to that address, and so there was... But not the address that he had in this document that you're saying proves he didn't live... Yes, Your Honor, the Ferdale address that he was applying to live at. That was the one he was applying to live at, but you're relying on this document as demonstrating that in earlier points during the marriage he was living elsewhere. So that doesn't prove he lived with his sister. It proved he didn't live with his sister. Well, it proves that he didn't live with his wife, Your Honor, and the public records... But the conclusion from it is a neuroneous conclusion, and if somebody had actually seen these documents, he might have been able to say that. Well, and again, Your Honor, the appellants acknowledged that they were aware of the detailed information from the 2011 denial notice. They didn't acknowledge that. They acknowledged that they were told at the time, but they weren't told that the current Mr. Zeragin was not involved in the 2011 proceeding, right? No, Your Honor. Well, no, Your Honor, but the... So why was he aware of it? He's a relevant person at this point. Yes, Your Honor, but in my briefing, in the government's briefing to this court, we point out that in the summary judgment briefing before the district court, appellants acknowledged that they had the information from 2011. Who said they? I mean, she did, maybe, although why would she tie it in? But he wasn't even there. Well, Mr. Resch, actually, he was there, Your Honor. In his statement to CIS, he acknowledges that he lived in the house at the same time. Well, he lived in the building, not in the house. That's my understanding. I assume that my... I was understanding it to mean there were various apartments, and he lived in one of them. But in any event, he wasn't involved in the proceeding. Yes, Your Honor, but the fact that they openly acknowledged having that information and simply asserting that they didn't know whether it was that information or not that was being relied on is, one, confusing. Why wouldn't they utilize that information that they had to go back and rebut this? Can you tell me another kind of proceeding in which there is a property interest, which is what... or a liberty interest, which is what Xing holds, and therefore a due process requirement, in which operates in this way, i.e. through summaries of evidence instead of evidence, and with no right to actually see the evidence? Well, this is the informal proceedings under the APA, Your Honor. It's a standard practice in administrative law. I don't have examples outside of this context for you at the moment. But there is standards in the APA that when there is no informal... You mentioned earlier in Mr. Powell's argument that there's no administrative record, but there is. And excerpts are here before this court showing the evidence that the government relied on for this case. That which the parties didn't get to see. Yes, Your Honor, and that fact has been affirmed and upheld by this court many times, many times. Hassan in 2010 is the case I referred to where it's been upheld that that satisfies due process, it satisfies the APA, that a summary of the information is provided and an opportunity to rebut that information. Now, appellants were made aware of this derogatory information. They were told that there's evidence that Mr. Godet did not live with Ms. Maskell. That was in the context... Hassan was in the context of a national security determination, right? Which would arguably be a higher stake, Your Honor. And so it's... The characterization that this is destroying families, taking something away, those are also incorrect, Your Honor. And that's another point that the government would like to make here. This is a privilege, this visa petition. And when this person applying, when this petitioner comes to the adjudicator, presenting lies, presenting inaccurate information, and leading to an investigation that then discovers other information that shows that they were not living together. Very strong circumstantial evidence, at the least, that they were not living together. They don't rebut that information. They don't present new evidence to say, here are the ways that we can prove this. Now, they're... Chang, you're saying that this is a privilege. Chang says, and I recently disagreed with him, that the I-30 petition is subject to a liberty or property interest because the approval of the petition is non-discretionary. The denial of a visa implicates the constitutional right of the American citizen. Because as a protected property, liberty interest in the marriage, they give us right to a constitutionally adequate procedures in the adjudication of her husband's visa proceedings. That's quoting from Bustamante. Is that wrong? I mean, are we not bound by that? It's not wrong, Your Honor. The government's position is that due process is met here. Well, you just told me it's a privilege and not a right. Your Honor, again, this court has held that it's a privilege. It's not the government's position. All right. So your time is up. Thank you very much. Thank you, Your Honor. Can I ask one question? Sure. With respect to a hearing under these processes, the director is not an immigration judge. That's where we usually hear about hearings. Is there a general process where the director can decide to hold a hearing? Or are there regulations that talk about when you would have such a hearing? Or does it go to an IJ? I mean, what happened in Qing where it was remanded for a hearing? Was that a hearing before some type of bureaucrat, the director? I couldn't speak to what happened on remand in Qing, Your Honor. I apologize. But as a general matter? As a general matter, if the USCIS adjudicator denies the petition, it goes to the Board of Immigration Appeals and then to this court. Well, I understand that, but that doesn't answer my question. We know IJs have hearings. Do the district directors or field office directors have hearings as a matter of when, if the director thinks that things are evenly balanced? To my knowledge, there are not hearings before the – In fact, the process, if there is these concerns of evidence, the process is for an investigation to take place, a field investigation. And that's what happened here where investigators go to the home. Okay. Now, I understand that. But I'm just saying that in Qing, the remand was to have a hearing. Yes, Your Honor. And I'm just asking bureaucratically, would you think that they then had a hearing? Was it referred to – would it be referred to an IJ? But your answer is that bureaucratically, there's no particular process for a hearing at the office director level. Is that what you're telling me? My knowledge is not, Your Honor. Okay. I'll see what the other fellow says. I can follow up with you on that. Okay. Thank you. Yes, if I can have a go again and try to explain this difference between the substantial evidence and the substantial and probative evidence standards. Because they are confusing. They use similar language. When this court should review the board's decision to determine whether or not the board properly applied the substantial and evidence standard, that we think should be the same as the clear and convincing standard, in concluding, making the legal conclusion that there was marriage fraud in this case. So the substantial and probative standard, it's a burden of proof standard. That's different from what the court does in reviewing the factual determinations underlying that conclusion. So, for example, in this case, well, let me say one more point about the substantial. The board failed to apply that substantial and probative evidence standard. If you look at the board's decision, and I'm looking at the excerpts of record, page 26, the first page of the board's decision, the board just says it does not talk about substantial and probative evidence. The board says that where the record contains information that the beneficiary was previously involved in marriage fraud, then the burden shifts to the petitioner. So they just say where there's information. They don't talk, they did not properly apply the substantial and probative. Counsel, when you said, which paragraph are you looking at? I'm looking at paragraph three on the first page. Yes. Which says, we conclude the beneficiary's file contains substantial and probative evidence that she was previously involved in a marriage, which I thought was the support for the government's position. Were you quoting a different sentence? Because you started reading something, but it wasn't that sentence. Yeah, I'm looking at the first, second, third paragraph, where the record contains information that a beneficiary was previously the subject of a visa petition tied to a fraudulent marriage. Okay, that's the information, the burden shifts. But above that, they did conclude that it contained substantial and probative evidence, right? Yeah, but I don't think that they applied that standard correctly. Okay, so you disagree with their conclusion for the application of the substantial and probative evidence standard. You're saying our evidence is so good that their evidence couldn't be substantial and probative. Is that a fair way to put it? Yeah, that's, yeah. Okay. All right, could you wrap up, please? Yeah, okay. So we would, you know, I think because of the confusion, the court, we do ask that the court clarify that the substantial and probative evidence standard is the same as the clear and convincing evidence standard. That's one that's understood, well understood. The court should, we think, do that. And second, we think that the court should reject this idea that the burden shifts to petitioner. Because when that happens, in shifting the burden to petitioner, basically what that allows for is where the evidence balances out 50-50, there's some evidence of fraud, there's some evidence that there's no fraud, then we're going to impose this very serious penalty against the beneficiary in the case. And we may end up just having her deported from the United States, unable to get status in the United States. So same question I asked your adversary. Are there hearings before the district director? That is, if we said exactly what was said in Ching, we remand for a hearing, you'll get to see the piece of paper which is in the record. We've all seen it now, right? And you can do whatever you want. Would that be something that, A, would please you, and, B, bureaucratically is possible? So bureaucratically possible. My understanding of what would happen is that it would go back to an immigration officer, not to an immigration judge. There would not be a formal hearing and transcript and so on. There would not necessarily be a right to examine. Well, Ching specifically did contemplate cross-examination and oral testimony. I mean, in that case. So the question is, what was it contemplating? Who was going to have this hearing with the cross-examination? If this court were to order that, of course, then the Immigration Service would be obligated to do that. Well, what we're asking is what was Ching doing? What's your best guess as to what Ching was doing? What happened in Ching? Yes. My guess, I don't know, but my guess is that it would have gone back to an immigration officer, not to an immigration judge. An immigration officer then may have allowed an opportunity for cross-examination. Sometimes they might have done a video of them, but normally I've never seen them do a transcript of the hearing as such and have a court reporter there. But quite frankly, I don't know. Thank you very much. Thank you both for your arguments. The case of Zerezky versus Walker versus USCIS is submitted, and we'll go on to Orant versus City of Tacoma.
judges: Boggs, Berzon, Watford